**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **LAKEISHA MONROE** | **CIV. ACTION NO. 5:26-01674** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **LA DEPT CHILDREN & FAMILY SERVICES, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a combined motion to dismiss for insufficient service of process and for partial dismissal for failure to state a claim upon which relief can be granted [doc. # 5] filed by Defendant, Louisiana Department of Children and Family Services ("DCFS"). The motion is opposed. For reasons set forth below, IT IS RECOMMENDED that the combined motion [doc. # 5] be DENIED AS MOOT.

**Background**

Plaintiff Lakeisha Monroe ("Plaintiff") filed the instant Complaint on May 20, 2026, against her former employer, DCFS; Rebecca Harris, in her official capacity as Secretary of DCFS; and three other DCFS officials: Kathryn Price, Patrice Egans, and Renee Clary. (Compl.). Plaintiff asserted claims for disability discrimination, failure to accommodate, and retaliation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; for race discrimination and retaliation under 42 U.S.C. § 1983 (vindicating rights secured by 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment); and for retaliation and interference under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. *Id*., ¶ 1. Plaintiff seeks declaratory, equitable, and injunctive relief; back pay; compensatory and punitive

damages; attorney's fees; and interest. *Id*., Prayer.

On July 13, 2026, DCFS filed the instant motion to dismiss for insufficient service of process and for partial dismissal for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(5) and (6). Specifically, DCFS petitioned the Court:

> (1) to dismiss Count I as prescribed except as to the October 27, 2025 collection notice, and dismiss that remaining portion for failure to state a claim;
>
> (2) alternatively, if any part of Count I survives, dismiss [Plaintiff]'s demands for emotional-distress damages under Section 504; and
>
> (3) order service that complies with Rule 4.

(M/Dismiss [doc. # 5]).

In response to the motion to dismiss, Plaintiff filed her First Amended Complaint, as a matter of course, on August 3, 2026. [doc. # 7]. She contemporaneously filed a response to DCFS's motion to dismiss, asserting that her amended pleading superseded and replaced her original complaint, thereby rendering the motion to dismiss moot. (Pl. Response [doc. # 8]). Plaintiff alternatively asserted that the motion to dismiss should be denied on the merits because Count I is not prescribed, Defendants' post-termination collection conduct states a claim for retaliation, the FAC limited Plaintiff's recoverable damages under Count I to exclude damages for emotional distress, and Plaintiff was completing the final step to perfect service on DCFS. *Id*.

On August 18, 2026, Plaintiff filed returns of service for Defendants, DCFS and DCFS Secretary Rebecca Harris. [doc. # 9].

Almost one month later, on September 14, 2026, Defendants, DCFS and Rebecca Harris, filed their responsive pleading to the original complaint and the FAC. (Answer [doc. # 10]).

DCFS did not file a reply brief in support of its motion to dismiss, and the time to do so

has passed. *See* Notice of Motion Setting [doc. # 6]. Accordingly, the matter is ripe.

**Law and Analysis**

It is manifest that, "[i]f a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation and internal quotation marks omitted). Thus, when an amended complaint is filed in response to a motion to dismiss, the court is authorized to deny the pending motion to dismiss as moot. *See Griffin v. Am. Zurich Ins. Co.*, 697 Fed. App'x. 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions . . . moot.").

The Court finds that the foregoing approach is appropriate under the present circumstances, especially where, as here, Plaintiff has restated and refined her allegations in response to the motion to dismiss. Furthermore, DCFS has not contested Plaintiff's argument that the FAC, and the subsequent service efforts, rendered its motion to dismiss moot. In fact, rather than re-urging, supplementing its motion to dismiss, or even filing a new motion to dismiss, DCFS filed a responsive pleading. *See* doc. # 10.

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the combined motion to dismiss for insufficient service of process and for partial dismissal for failure to state a claim upon which relief can be granted [doc. # 5] filed by Defendant, Louisiana Department of Children and Family Services, be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 29th day of September, 2026.

Kayla Dye McClusky

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE